**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: EDTN 3:25-CR-118 |
| v. | ) | DSC at Charleston 3:25-CR-140 |
| | ) | |
| ANDREW WORRALL, | ) | JUDGE VARLAN |
| | ) | |
| Defendant, | ) | |

**UNITED STATES' RESPONSE TO PETITIONER REGIONS BANK**
**D/B/A REGIONS MORTGAGE'S PETITION FOR REMISSION OR**
**MITIGATION OF FORFEITURE AND REQUEST FOR HEARING**

The United States of America, by and through Francis M. Hamilton III, United States

Attorney for the Eastern District of Tennessee, hereby files this response to the Petition of Regions

Bank d/b/a Regions Mortgage's Petition for Remission or Mitigation and Request for Hearing

[Doc. 44] filed on March 26, 2026 (hereinafter "Petition") (*See* also at Case No. 3:25-cr-140, Doc.

15), and states as follows:

1.      On October 15, 2025, an Indictment [Doc. 11] was filed charging the Defendant,

Andrew Worrall, with sexual exploitation of a child, in violation of 18 U.S.C. §§ 2251(a) and (e)

(Count One), in addition to another charge.  In the Forfeiture Allegations of the Indictment in the

above-styled case, the United States sought forfeiture, pursuant to 18 U.S.C. § 2253, of the interest

of the defendant in any property constituting, or derived from, any proceeds obtained, directly or

indirectly, as the result of such offenses and any property used, or intended to be used, in any

manner or part, to commit, or to facilitate the commission of, the offense in violation of 18 U.S.C.

§ 2251.  The property to be forfeited includes, but is not limited to the following:

**Real property located at 12509 Daisy Field Lane, Farragut, Tennessee 37934, with all appurtenances, improvements, and attachments thereon**

SITUATED in the Sixth (6th) Civil District of Knox County, Tennessee, and without the corporate limits of the City of Knoxville, Tennessee, and being known and designated as Lot No. 21 of Final Plat of SPLIT RAIL FARM UNIT 2, as shown of record in Plat Instrument No. 201508250012733, in the Register's Office for Knox County, Tennessee, to which plat specific reference is hereby made for a more complete description.

Being a portion of the same property conveyed to SRF Holdings, LLC, a Tennessee limited liability company by Quit Claim Deed dated October 03, 2014, of record in Instrument No. 201410030019543, in the Register's Office for Knox County, Tennessee.

For further reference see Warranty Deed recorded on November 19, 2020, as Instrument No. 202011190041630 in the Register's Office for Knox County, Tennessee, conveyed to Andrew Worrall, unmarried.

(hereinafter "real property")

2.     On October 21, 2025, a Notice of Lis Pendens [Doc. 22] was filed in this Court regarding the real property.  The Lis Pendens was recorded in the Knox County Register of Deeds Office on October 22, 2025.  Regions Bank d/b/a Regions Mortgage (hereinafter "Regions") was served with the Lis Pendens on or about October 28, 2025.  (*See* Exhibit A attached hereto).

3.     A Universal Plea Agreement [Doc. 33] was filed on February 3, 2026.  (*See* also at Case No. 3:25-cr-140, Doc. 2).  On February 12, 2026, the Defendant pled guilty to the offense charged in Count One of the Indictment and agreed to facts sufficient to support the plea, and forfeiture of property as listed in the Plea Agreement.  Based on the Defendant's guilty plea, this Court determined that the real property is subject to forfeiture pursuant to 18 U.S.C. § 2253.

2

4. On February 12, 2026, an Agreed Preliminary Order of Forfeiture [Doc. 38] was filed with this Court forfeiting the interest of the Defendant in the real property pursuant to 18 U.S.C. § 2253. (*See* also at Case No. 3:25-cr-140, Doc. 9).

5. In accordance with 21 U.S.C. § 853(n)(1) and Federal Rule of Criminal Procedure 32.2(b)(6)(C), and the Agreed Preliminary Order of Forfeiture, notice of forfeiture as to the real property described above was published on an official Government website (www.forfeiture.gov) for at least 30 consecutive days, beginning on February 21, 2026, and ending on March 22, 2026. (*See* Exhibit B attached hereto). Further, in accordance with Federal Rule of Criminal Procedure 32.2(b)(6)(A), notice of forfeiture was served by direct notice on Regions on or about March 2, 2026. (*See* Exhibit C attached hereto). Accordingly, Regions filed its timely Petition on March 26, 2026.

6. The Petition filed by Regions states that on November 12, 2020, Defendant executed and delivered to Petitioner a Promissory Note memorializing the indebtedness in the original principal amount of $428,659.00, secured by a first priority security interest in the Property. As of March 17, 2026, the principal balance, interest, and fees that remain due and owing under the Note total $372,559.88. Defendant is liable for any interest, fees, and other expenses accruing on this debt after March 17, 2026. On February 9, 2023, Defendant executed and delivered to Petitioner a Credit Agreement and Disclosure memorializing a second line of credit in the amount of $125,000.00 secured by a security interest in the Property. As of March 17, 2026, the principal balance, interest, and fees that remain due and owing total $79,156.85. Defendant is liable for any interest, fees, and other costs and expenses accruing on this debt after March 17, 2026.

7. The United States agrees that Regions has a valid, perfected security interest in the real property. The United States further agrees that to the extent the net proceeds realized from the sale of the real property are sufficient to satisfy Regions' secured interest it will be satisfied upon the sale of the real property by the United States Marshals Service. To the extent that the net proceeds from the sale of the real property fall short of satisfying the outstanding balance the United States will not be responsible for any deficiency. If there is a deficiency, Regions may pursue the deficiency as allowed within the terms of their financial agreement with the Defendant.

Accordingly, the United States avers that no hearing is necessary, as there is no factual or legal dispute in issue.

Respectfully submitted,

FRANCIS M. HAMILTON III
United States Attorney

By:  *s/Daniel P. Nugent*
DANIEL P. NUGENT
Assistant United States Attorney
DC Bar No. 499927
800 Market Street, Suite 211
Knoxville, Tennessee 37902
daniel.nugent@usdoj.gov
(865) 545-4167

4